UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM CARR,
   Plaintiff,

vs.                                            No. 06-1220

EMIL JONES, et.al.,
   Defendants

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 and various other federal claims alleging that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named 38. The court notes that the plaintiff has named several defendants that are either immune from the claimed relief or clearly have no personal involvement in his claims such as judges, states attorneys, assistant attorney generals and state senators.

However, the court will not address the merits of the plaintiff's claims because the plaintiff has already accumulated three strikes and has failed to inform the court of this fact. Title 28, United States Code, Section 1915, provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In 2002, the United States District Court for the Northern District of Illinois informed the plaintiff that he had accumulated three "strikes" pursuant to this provision. *Carry v. Harry*, 01-5203, February 14, 2002 Minute Order. *See also Carr v Urban*, 81-2318 (C.D.Ill); *Carr v.*

1

*Gottfriend,* 82-5241 (N.D. Ill.). Nonetheless, the plaintiff made no mention of this in his motion to proceed in forma pauperis filed on August 24, 2006. In addition, the plaintiff made no mention of his filing status in his 41 page complaint. The plaintiff stated that he had filed over ten lawsuits, but due to the defendants taking his legal papers, he was unable to provide specific information. The plaintiff is advised that he must inform the court of his three strikes status and failing to provide this information in the future will result in his case being dismissed. The court agrees with the reasoning in *Sloan v. Lesza*. 181 F.3d 857, 859 (7th Cir. 1999) which states:

> An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §195(g) applies to a particular litigant will lead to immediate termination of the suit.

In the meantime, the court has reviewed the complaint in this case and concluded that there is nothing about the nature of the plaintiff's lawsuit that could reasonably be interpreted as posing an "imminent danger of serious physical injury." The plaintiff claims the defendants are trying to "cause plaintiff mental illness" by their acts which include "requiring plaintiff to tediously pack all of his property to leave his cell, subjecting plaintiff to exaggerated anal viewing twice a week to attend yard, thereby encouraging plaintiff not to attend yard..." (Comp, p. 31) However, none of the plaintiff's claims rise to the level of imminent danger under 28 U.S.C. § 1915(g). That exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury' . . ." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "The 'imminent danger' exception to Section 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat is real and proximate.' *Heimermann v. Litxcher*, 337 F.3d 781 (7th Cir. 2003).

Therefore, the plaintiff must pay the $350 filing fee in full. The court will strike its previous order which allowed the plaintiff to proceed in forma pauperis.

**IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to strike the court's September 8, 2006 order allowing the plaintiff's motion to proceed in forma pauperis.**

**2) The plaintiff's motion for leave to proceed in form paupeis is denied. [d/e 1]**

**3) The plaintiff must pay the full $350 filing fee within seven (7) days or his case will be dismissed. No extensions will be granted.**

**4) The clerk of the court is to add the plaintiff's name to the list of inmates who**

**have accumulated three strikes in the Central District of Illinois.**

Enter this 21st  day of September, 2006.

                            **s\Harold A. Baker**
                   _____
                              HAROLD A. BAKER
                            U.S. DISTRICT JUDGE